

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

March 17, 2016

The Honorable Harold V. Dutton, Jr.
Chair, Committee on Juvenile Justice
    and Family Issues
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. KP-0071

Re: Constitutionality of Senate Bill 1876, relating to the appointment of attorneys ad litem, guardians ad litem, mediators, and guardians (RQ-0060-KP)

Dear Representative Dutton:

On behalf of Honorable Rory Olsen, Judge of Probate Court No. 3 in Harris County, you ask whether Senate Bill 1876 (the "Bill") from the Eighty-fourth Legislative Session is unconstitutional.[1] The Bill amended the law regarding the court appointment of attorneys ad litem, guardians ad litem, mediators, and guardians.[2] Pursuant to the Bill, subsection 37.004(a) of the Government Code now requires, "in each case in which the appointment of an attorney ad litem, guardian ad litem, or guardian is necessary," that a court using a rotation system "appoint the person whose name appears first on the applicable list maintained by the court as required by Section 37.003."[3] TEX. GOV'T CODE § 37.004(a); *see also id.* § 37.003 (requiring a court to establish and maintain lists). Only a narrow set of appointments are exempt from this requirement.[4] In addition, a court may appoint a person on the applicable list whose name does not appear first, or a person qualified to serve but whose name is not on the list, in two instances:

---

[1]*See* Letter from Honorable Harold V. Dutton, Chair, House Comm. on Juv. Justice & Fam. Issues, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Sept. 21, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2]Prior law required local administrative judges to maintain a list of those qualified to serve as attorneys ad litem. When such an appointment was required, the court had to appoint the attorney whose name appeared first on the list. However, appointments made under the Family Code, Health and Safety Code, Human Resources Code, Texas Trust Code (Subtitle B, Title 9, Property Code), and the former Texas Probate Code were exempt from this requirement. The Bill repealed this broad exemption.

[3]Subsection 37.004(b) similarly requires a court to appoint the first person on the mediator list when the appointment of a mediator is necessary. TEX. GOV'T CODE § 37.004(b).

[4]*See id.* § 37.002 (exempting appointments only under specific provisions of the Civil Practice and Remedies Code, the Family Code, and the Estates Code).

The first is "if the appointment of that person as attorney ad litem, guardian ad litem, or guardian is agreed on by the parties and approved by the court." *Id.* § 37.004(c). The second instance is when required on a complex matter if the court finds good cause because of a person's special expertise, prior involvement with the parties or the case, or geographic location. *Id.* § 37.004(d).[5] You assert that the Bill "deprives judges of discretion in the appointment process." Request Letter at 1.

Your first concern is whether the Bill violates article II, section 1 of the Texas Constitution. *Id.* at 1. This provision divides the powers of state government into the legislative, executive, and judicial branches, none of which "shall exercise any power properly attached" to either of the other branches, except as permitted by the constitution. TEX. CONST. art. II, § 1. The Court of Criminal Appeals has held that this provision may be violated either "when one branch of government assumes, or is delegated, to whatever degree, a power that is more 'properly attached' to another branch" or when "one branch unduly interferes with another branch so that the other branch cannot effectively exercise its constitutionally assigned powers." *Safety Nat'l Cas. Corp. v. State*, 273 S.W.3d 157, 162 (Tex. Crim. App. 2008).

In analyzing the constitutionality of the statute, we begin "with a presumption of validity." *In re Commitment of Fisher*, 164 S.W.3d 637, 645 (Tex. 2005). The judicial power of the state is vested in the courts. TEX. CONST. art. V, § 1. This judicial power encompasses certain "core" functions, namely, the power to (1) hear evidence; (2) decide the issues of fact raised by the pleadings; (3) decide the relevant questions of law; (4) enter a final judgment on the facts and the law; and (5) execute the final judgment or sentence. *Safety Nat'l Cas. Corp.*, 273 S.W.3d at 159, 162. At the same time, the constitution provides that rules of administration in the various courts must be "not inconsistent with the laws of the state as may be necessary for the efficient and uniform administration of justice." TEX. CONST. art. V, § 31(a). The Court of Criminal Appeals has explained that "this express grant exempts legislative enactments regarding judicial administration from the proscriptions" of the separation of powers clause. *State v. Williams*, 938 S.W.2d 456, 459 (Tex. Crim. App. 1997); *see also Armadillo Bail Bonds v. State*, 802 S.W.2d 237, 240 (Tex. Crim. App. 1990) (acknowledging the Legislature's "ultimate authority over judicial administration"). But although the Legislature has authority over judicial administration, the Legislature may not "infringe upon the substantive power" of the judiciary "under the guise of establishing 'rules of court.'" *Armadillo Bail Bonds*, 802 S.W.2d at 240 (quoting *Meshell v. State*, 739 S.W.2d 246, 255 (Tex. Crim. App. 1987)). Thus, the dispositive inquiry is whether judicial appointments of attorneys ad litem, guardians ad litem, mediators, and guardians constitute an exercise of a substantive, core judicial power and, if so, whether section 37.004 of the Government Code infringes on that power.

Briefing received by this office claims that these appointments constitute a "zone of judicial power" that may not be infringed upon because, in criminal cases, judges are entitled to judicial immunity for the act of including attorneys on a rotation list and for appointing counsel on

---

[5]Subsection 37.004(d) is also applicable to the appointment of a mediator. *Id.* § 37.004(d).

particular cases.[6] *See Davis v. Tarrant Cty.*, 565 F.3d 214, 225–26 (5th Cir. 2009). However, defining a judicial act for purposes of immunity is not the same as identifying substantive core judicial powers under the constitution.[7] We find no other case law, nor do you bring any to our attention, that suggests that making court appointments of attorneys ad litem, guardians ad litem, mediators, and guardians is an exercise of a core judicial power. *See Peraza v. State*, 467 S.W.3d 508, 514 (Tex. Crim. App. 2015) (noting that "[t]he burden rests upon the individual who challenges a statute to establish its unconstitutionality"). We note that the Bill amended section 74.092(11) of the Government Code to authorize a local administrative judge to "establish and maintain" the appointment lists required by section 37.003 if requested by a court he or she serves, adding to the list of administrative functions performed by the local administrative judge. TEX. GOV'T CODE § 74.092(11). That these functions can be delegated in such a manner suggests that they are more properly characterized as administrative functions "necessary for the efficient and uniform administration of justice" and not core judicial functions. TEX. CONST. art. V, § 31(a); *see also* SEN. COMM. ON STATE AFFAIRS, BILL ANALYSIS, Tex. S.B. 1876, 84th Leg., R.S. (2015) at 1 (stating that the prior broad rotation list exemptions resulted in abuse or the appearance of abuse of the appointment system and that the Bill "would ensure a more fair, efficient, and equitable system for the appointment of attorneys and guardians ad litem, guardians, and mediators"). Thus, a court is unlikely to conclude that making court appointments of attorneys ad litem, guardians ad litem, mediators, and guardians is a core judicial power or that section 37.004 of the Government Code violates article II, section 1 of the Texas Constitution.

You also ask whether the Bill "is unconstitutionally vague." Request Letter at 1. As previously mentioned, prior law required local administrative judges to maintain a list of those qualified to serve as attorneys ad litem. The Bill added certain other positions to the group of persons whose names a court must maintain on lists for appointment. *See generally* TEX. GOV'T CODE § 37.003. In addition, in adopting local rules of administration, district and statutory county court judges may adopt rules for the establishment of the lists required by section 37.003 that "provide for . . . the person's qualifications." *Id.* § 74.093(c-1). You maintain that the Bill is unconstitutionally vague because it "fails to define what attributes are necessary to be considered 'qualified'" for inclusion on the various lists. Request Letter at 1, 4.

You draw our attention to *Proctor v. Andrews*, in which the Texas Supreme Court reviewed a delegation of legislative power whereby a private entity and a federal agency would provide the names of qualified, neutral arbitrators who could serve as hearing examiners. *Proctor v. Andrews*, 972 S.W.2d 729 (Tex. 1998). At issue was whether the terms "qualified" and "neutral" in the delegating statute provided sufficient standards to guide the entities in selecting potential hearing examiners. *See id.* at 734. The court's analysis centered on the application of an eight-factor test used to determine whether a private entity has been impermissibly granted legislative power. *See*

---

[6]*See* Letter from Honorable Carl Ginsberg, 193d Jud. Dist. Ct. (Nov. 4, 2015) and attached 193d Dist. Ct. Standing Order 000017, In re: Appointment of Att'ys & Guardians Ad Litem and Mediators – TEX. GOV'T CODE ch. 37 (Aug. 31, 2015) at 3 (on file with the Op. Comm.).

[7]In any event, the Court in *Davis* acknowledged that "judges have very limited discretion in deciding which attorney to appoint in a specific case" because "they may only deviate from the rotation system for good cause." *Davis*, 565 F.3d at 226.

*id.* at 735. The judiciary is not a private entity, and thus the specific analysis is likely not applicable to the situation posed here. *See id.* (noting that legislative delegations to private entities are "subject to more searching scrutiny than delegations to their public counterparts"). However, the court stated that the policy and standards declared in a statute "may be broad or general, so long as the idea embodied is reasonably clear and the standards are capable of reasonable application." *Id.* at 738. The court observed that the term "qualified" had a commonly understood meaning referring to someone "competent to understand the issues and render decisions," which provided the entities with sufficient guidance in selecting arbitrators. *Id.* at 737. If the term "qualified" can be reasonably applied by a private entity delegated legislative power without running afoul of the constitution, we are not persuaded that the term cannot also be reasonably applied by the judiciary. Thus, a court is unlikely to conclude that the Bill is unconstitutionally vague.

## S U M M A R Y

A court is unlikely to conclude that Senate Bill 1876 from the Eighty-fourth Legislature is unconstitutional under article II, section 1 of the Texas Constitution or is unconstitutionally vague.

Very truly yours,

KEN PAXTON
Attorney General of Texas


JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

BECKY P. CASARES
Assistant Attorney General, Opinion Committee